

1301 Avenue of the Americas
25th Floor
New York, NY 10019

646.927.5500 main
646.927.5599 fax

Shrutih Tewarie
646-927-5533 direct
stewarie@foleyhoag.com

January 15, 2021

**Via ECF**

**MEMO ENDORSED**

Honorable Katherine Polk Failla, U.S.D.J.
United States District Court for the Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

      Re:    *National Fire Protection Association, Inc. v. Swets Information Services Private Limited et al.*, Case No. 1:18-cv-06029-KPF

Dear Judge Failla:

      We write on behalf of plaintiff National Fire Protection Association, Inc. ("NFPA") pursuant to Rule 4.A. of Your Honor's Individual Rules of Practice in Civil Cases.

      NFPA requests a pre-motion conference for a motion for sanctions against defendants Pawanputra Enterprises Private Limited, d/b/a Prakhya Groups Pawanputra Books, Affinity Trade Solutions Private Limited, Prateek Bhageria, Anu Bhageria, Vibha Agarwal, Manish Aggarwal, Vijay Kumar Bhageria, Prem Lata Bhageria, and Prakhya Bhageria (collectively, the "Pawanputra Defendants") under Federal Rule of Civil Procedure 37(b)(2). The basis of NFPA's motion is the Pawanputra Defendants' complete failure to respond to NFPA's request for production documents and inspection of electronically stored information under Rule 34 of the Federal Rules of Civil Procedure, and moreover, their failure to comply with the Court's discovery orders of October 7, 2020 and December 1, 2020, directing the Pawanputra Defendants to produce these documents (the "Discovery Orders"). (Dkt. #333 at p. 13, ¶¶8–9 and Dkt. #342.)

## I.     The October 7, 2020 Court Order.

      During the October 7, 2020 conference with Your Honor, the Court ordered the Pawanputra Defendants to produce documents responsive to requests 40, 41, 43 and 45 of NFPA's Third Set Of Requests for Production of Documents to the Pawanputra Defendants, dated November 18, 2019 (the "Document Requests"), in compliance with the parties' Stipulated Electronic Discovery Protocol ("ESI Protocol") (Dkt. #176) (the "October 7, 2020 Order"). *See* Transcript of Proceedings held on October 7, 2020, Dkt. #333 at p. 13, ¶¶8–9. The Document Requests concern communications between the Pawanputra Defendants and several individuals and entities believed to be involved in, or who have knowledge of, the

manufacture of counterfeit publications bearing NFPA's trademarks, including an individual that Mr. Prateek Bhageria of the Pawanputra Defendants himself identified during his deposition as the person who introduced the Pawanputra Defendants to distributing counterfeit NFPA publications. Mr. Bhageria testified during his deposition that he exchanged several emails with this individual. The Court asked Mr. Bhageria to confirm access to certain email accounts that might contain those exchanges, after Mr. Bhageria stated he might no longer have access to those accounts. The Court further directed the parties to report back to the Court by October 16, 2020 on the production schedule.

As set forth in NFPA's letters to Your Honor dated October 16, 2020, October 30, 2020, and November 11, 2020, NFPA made numerous attempts to contact the Pawanputra Defendants concerning the Document Requests, in order for the parties to agree on a production schedule. NFPA also requested the Court provide several extensions of time for the Pawanputra Defendants to comply with the October 7, 2020 Order, given Mr. Bhageria's COVID-19 diagnosis in October 2020. (Dkt. # 340, 336, 332.) Nonetheless, the Pawanputra Defendants failed to respond to NFPA's correspondence or comply with the October 7, 2020 Order.

## II.      The December 1, 2020 Order.

As a result, on December 1, 2020, the Court entered an order directing the Pawanputra Defendants to produce documents responsive to the Document Requests in a format and manner compliant with the ESI Protocol, by no later than January 4, 2021 (the "December 1, 2020 Order"). On December 1, 2020, NFPA served the December 1, 2020 Order on each of the Pawanputra Defendants. (Dkt. # 343.)

As of the date of this letter, the Pawanputra Defendants have not responded to the Document Requests, nor have they allowed NFPA to inspect the email accounts and electronic devices containing responsive documents and information. The Pawanputra Defendants have ignored numerous attempts by NFPA's counsel to contact them concerning the Discovery Orders and the Discovery Requests. In fact, we have not heard a single word from any of the Pawanputra Defendants since the October 7, 2020 court conference. The only correspondence we received is from Gaurav Barathi, who serves as local counsel in India for certain Pawanputra Defendants in a parallel litigation brought by NFPA before the New Delhi High Court concerning violations of NFPA's trademark rights under the laws of India (the "India Action"). On December 2, 2020, Mr. Barathi sent an email to me in which he stated that, while he represents the Pawanputra Defendants in the India Action, he has no information or instructions from Mr. Bhageria or any of the other Pawanputra Defendants about the instant U.S. action pending before this Court. Mr. Barathi did not indicate one way or another whether Mr. Bhageria was still ill or otherwise unable to physically comply with the December 1, 2020 Order, or why Mr. Bhageria and the other Pawanputra Defendants have ignored the Discovery Orders and all of our attempts since October 7, 2020 to contact them. (Attached hereto as Exhibit 1 is a copy of Mr. Barathi's December 2, 2020 email.)

On January 11, 2021, NFPA gave written notice to the Pawanputra Defendants that NFPA would request a default judgment and an order of attorney's fees be entered against

them as sanctions, pursuant to Rule 37(b)(2) of the Federal Rules of Civil Procedure (the "Sanction Notice"), if NFPA did not hear from them.  (Attached as Exhibit 2 is a copy of the Sanction Notice.)  As of the date of this letter, the Pawanputra Defendants have not responded to the Sanction Notice.

### III. Default Judgment and Attorney's Fees as Sanctions Against the Pawanputra Defendants Are Warranted Under F.R.C.P. 37(b)(2).

Failure to obey a discovery order is grounds for sanctions under Rule 37(b)(2). Fed. R. Civ. P. 37(b)(2). The Court may properly enter default judgment and attorney's fees as sanctions where a defendant fails to comply with a discovery order. *See United States Freight Co. v. Penn Cent. Transp. Co.*, 716 F.2d 954, 954-55 (2d Cir. 1983) (upholding sanction of default judgment where defendant failed to comply with discovery order despite having had proper notice); *Bambu Sales v. Ozak Trading*, 58 F.3d 849, 852-54 (2d Cir. 1995) (abrogated on other grounds by *4 Pillar Dynasty LLC v. N.Y. & Co.*, 933 F.3d 202, 215 (2d Cir. 2019) (entering sanctions of default judgment and attorney's fees against trademark infringement defendants where they ignored discovery order for five months, offered no reason for their failure to seek relief from it, had engaged in full year of delays and obstructions previously, and admitted that documents requested were never produced).

In the instant case, the Pawanputra Defendants have willfully ignored the Discovery Requests for over one year, and have now ignored the Court's Discovery Orders.  They have allowed the January 4, 2021 production deadline set forth in the December 1, 2020 Order to pass without any explanation. They have refused to produce documents compliant with the ESI Protocol, and have failed to advise NFPA whether they still have access to email communications from certain relevant email accounts which they had a duty to maintain and preserve, despite Your Honor's instructions to do so in the October 3, 2020 Order. Thus, NFPA requests that sanctions be entered against the Pawanputra Defendants in the form of a default judgment pursuant to F.R.C.P. 37(b)(2)(A)(vi), together with NFPA's reasonable attorney fees incurred in connection with make its motion for sanctions under F.R.C.P. 37(b)(2)(C).

****

As such, NFPA respectfully requests that the Court allow it to file a motion for sanctions under Federal Rule of Civil Procedure 37(b)(2) and set a briefing schedule for the same. NFPA's motion for sanctions is not on consent.

                                              Respectfully submitted,

                                              Shrutih Tewarie

The Court is in receipt of Plaintiff's request for a conference regarding its anticipated motion for sanctions.  The Pawanputra Defendants are hereby ORDERED to respond on or before January 22, 2021.  Moreover, the parties are hereby ORDERED to appear for a telephonic conference regarding Plaintiff's anticipated motion on February 11, 2021, at 11:00 a.m.  The dial-in information is as follows: At 11:00 a.m. the parties shall call (888) 363-4749 and enter access code 5123533.  Please note, the conference will not be available prior to 11:00 a.m.

Should the Pawanputra Defendants fail to respond to Plaintiff's letter by the Court-ordered deadline, Plaintiff is directed to file a proposed Order to Show Cause for default judgment and supporting paperwork, in accordance with the Court's Individual Rules of Practice, on or before February 5, 2021.

Dated:     January 19, 2021          SO ORDERED.
           New York, New York

HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE