UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NATIONAL FIRE PROTECTION ASSOCIATION, INC.,

Plaintiff,

v.

SWETS INFORMATION SERVICES PRIVATE LIMITED, et al.,

Defendants.

18 Civ. 6029 (KPF)

**ORDER**

KATHERINE POLK FAILLA, District Judge:

The Court is in receipt of Plaintiff's March 26, 2021 letter in further support of Plaintiff's request that the Court enter a post-judgment asset restraint and transfer order against defendants Pawanputra Enterprises Private Limited, d/b/a Prakhya Groups Pawanputra Books; Affinity Trade Solutions Private Limited; Prateek Bhageria; Anu Bhageria; Vibha Agarwal; Manish Aggarwal; Vijay Kumar Bhageria; Prem Lata Bhageria; and Prakhya Bhageria (collectively, the "Pawanputra Defendants"). (Dkt. #367). In support of its application, Plaintiff invokes Rule 69 of the Federal Rules of Civil Procedure, and Sections 5222 and 5225 of the New York Civil Practice Law and Rules ("CPLR"). Having carefully considered Plaintiff's submission, the Court remains of the view that it lacks the authority to order the relief sought. For this reason, and as discussed in further detail below, Plaintiff's request is denied.

As the Court explained at the March 11, 2021 hearing in this matter, it has previously determined that it lacks the authority to impose a post-judgment asset restraint and transfer order against defaulting defendants' assets. (Dkt. #369 at 24:11-25:19 (transcript)). *See, e.g., Allstar Marketing Group LLC v. Happy-Shopping2011*, No. 19 Civ. 4204 (KPF), 2020 WL 3578093, at *2 (S.D.N.Y. July 1, 2020). In *Happy-Shopping 2011*, the Court adopted the well-reasoned and thorough analyses provided by its sister courts in *Spin Master Ltd. v. 158*, 463 F. Supp. 3d 348 (S.D.N.Y. 2020), and *Allstar Marketing Group LLC v. 158*, No. 18 Civ. 4101 (GHW), 2019 WL 3936879 (S.D.N.Y. Aug. 20, 2019)). Plaintiff's subsequent letter briefing refers the Court to a number of orders and decisions issued by other sister courts granting the relief sought here. (*See* Dkt. #367 at 2-4). Moreover, the Court acknowledges that prior to the decisions by Judge Woods in *Allstar Marketing Group* and Judge Liman in *Spin Master Ltd.*, this Court itself was willing to grant such relief, including in a prior default judgment order issued in this matter. (*See* Dkt. #238 at 11-13). However, the Court has since been persuaded by Judge Woods's and Judge Liman's detailed analyses of the relevant rules and statutes. Plaintiff has neither referred the Court to any contrary authority that includes a comparable analysis, nor identified any flaws in Judge Woods's and Judge Liman's reasoning. The Court thus will continue to abide by these decisions.

In its letter briefing, Plaintiff responds to certain concerns raised by the Court at the March 11, 2021 hearing, and the Court will address these

arguments in turn. *First*, Plaintiff argues that the Court is not required to find that it has personal jurisdiction over the third-party financial institutions holding the Pawanputra Defendants' assets to order the requested relief. (Dkt. #367 at 5-6). In support, Plaintiff cites two decisions from New York state courts finding that New York courts may order defendants to "turn over" extraterritorial property where they have jurisdiction over those defendants. (*Id.* (citing *Koehler* v. *Bank of Bermuda Ltd.*, 12 N.Y.3d 533, 540 (2009); *Kassover* v. *Prism Ventures Partners, LLC*, Index No. 602434/2005, 2017 WL 4011218, at *4 (N.Y. Sup. Ct. Sept. 12, 2017))). The Court does not read these cases to permit the relief sought here, which relief would order third-party financial institutions, rather than defendants, to potentially turn over extraterritorial property.[1] And indeed, one of the cases cited by Plaintiff, in considering courts' ability to issue relief pursuant to CPLR § 5225, distinguishes between proceedings brought against defendants and those brought against non-parties:

> CPLR 5225(a) applies when the property sought is in the possession of the judgment debtor himself. CPLR 5225(b) applies when the property is not in the judgment debtor's possession. The most significant difference between the subdivisions is that CPLR 5225(a) is invoked by a *motion* made by the judgment creditor, whereas CPLR 5225(b) requires a s*pecial*

---

[1] For similar reasons, the Court is not persuaded by Plaintiff's reference to decisions permitting the imposition of a preliminary injunction freezing a defendant's assets, as it views such injunctions as distinguishable from Plaintiff's proposed relief, which relief would compel the compliance of both defendants and third parties. (Dkt. #367 at 5-6 (collecting cases)). *See also Tiffany (NJ) LLC* v. *China Merchants Bank*, 589 F. App'x 550, 552-53 (2d Cir. 2014) (summary order (finding that district court did not need personal jurisdiction to issue pre-judgment asset freeze injunction, but remanding to district court to consider whether it had the necessary personal jurisdiction to order banks to comply with asset freeze).

3

> *proceeding* brought by the judgment creditor against the garnishee. *The reason for this procedural distinction is that the garnishee, not being a party to the main action, has to be independently subjected to the court's jurisdiction.*

*Koehler*, 12 N.Y.3d at 540 (2009) (latter emphasis added). The Court is thus unpersuaded that it has the authority to order Plaintiff's requested relief, as at present it is unable to determine whether it has personal jurisdiction over the affected third-party financial institutions. *See Happy-Shopping 2011*, 2020 WL 3578093, at 2 ("Rule 69, and §§ 5222 and 5225 … do not permit Plaintiff to 'brandish the Court's authority over unknown third-parties, the identities of whom are unknown to the Court and over whom the Court may not possess personal jurisdiction.'" (quoting *Allstar Mktg. Grp.*, 2019 WL 3936879, at *4)).

*Second*, Plaintiff argues that the Court is not required to determine that Plaintiff has priority over the Pawanputra Defendants' other creditors before issuing the requested asset freeze and transfer order. In particular, Plaintiff submits that its contemplated relief will not have any effect on the priority of the Pawanputra Defendants' other creditors, and that the Court is thus not required to determine that Plaintiff has priority over such creditors. (Dkt. #367 at 6-7). But irrespective of whether the Court is required to make a finding as to Plaintiff's priority over other creditors, pursuant to the terms of CPLR §§ 5222 and 5225, it is required to give notice and an opportunity to be heard both to potential creditors and third-parties in possession of the Pawanputra Defendants' assets. *See Spin Master Ltd.*, 463 F. Supp. 3d at 384 ("[U]nder N.Y. C.P.L.R. § 5222, were the Plaintiffs to seek to execute on a bank account

4

where a Defaulting Defendant's assets were held, they would have to give notice to all persons who have competing, and perhaps superior, interests in those assets."); *see also Allstar Marketing Grp., LLC* v. *178623*, No. 19 Civ. 3186 (AJN), 2020 WL 5836512, at *8 (S.D.N.Y. Sept. 30, 2020) (rejecting request for asset transfer order where plaintiff failed to show that it gave proper "notice to the judgment debtor" as required under CPLR § 5225).  Plaintiff's proposed relief fails to provide such notice.

*Third*, and as previewed above, Plaintiff asserts that its requested relief satisfies the notice and hearing requirements of CPLR §§ 5222 and 5225, as incorporated by Rule 69.  (Dkt. #367 at 7-8).  Plaintiff first argues that it is not required to give notice to other third-party creditors.  (*Id.* at 8).  However, on prior occasions, the Court has agreed with Judge Woods's and Judge Liman's reading of §§ 5222 and 5225 as imposing such a requirement.  *See Happy-Shopping2011*, 2020 WL 3578093, at *2 (citing *Spin Master Ltd.*, 463 F. Supp. 3d at 384; *Allstar Marketing Grp., LLC*, 2019 WL 3936879, at *4).  Plaintiff has provided the Court with no compelling basis to adopt an interpretation that would disregard the rights of third-party creditors.  Plaintiff further argues that, as to third-party financial institutions in possession of the Pawanputra Defendants' assets, it has met the notice requirements of § 5225 by applying for relief pursuant to Rule 69.  (Dkt. #367 at 8).  The Court recognizes that courts in this Circuit have found that the "special proceeding" requirement of § 5225(b) is satisfied when a plaintiff proceeds pursuant to Rule 69.  *See N. Mariana Islands* v. *Millard*, 845 F. Supp. 2d 579, 581-82 (S.D.N.Y. 2012)

5

(collecting cases). And yet the Court does not read this line of cases to dispense entirely with the notice requirements of § 5225, but merely to find that a plaintiff is not required to institute a separate action against third parties. *See id.* at 580-81 (considering turnover application brought against identified third-party garnishee pursuant to Rule 69(a)). Here, Plaintiffs seek an order that would require the compliance of unknown third-parties, who have been given neither notice nor an opportunity to be heard. Their application fails regardless of whether it is brought pursuant to Rule 69(a) or § 5225(b).

Lastly, Plaintiff requests that in the alternative, the Court continue the pre-judgment asset restraint previously imposed, to ensure that the Pawanputra Defendants are not able to transfer, hide or otherwise dissipate their assets until such time that Plaintiff is able to satisfy their default judgment. (Dkt. #367 at 9 n.3). The Court declines to grant this request, instead agreeing with Judge Liman that the better solution is for the Court to exercise its authority pursuant to Rule 62(a) of the Federal Rule of Civil Procedure to relieve Plaintiff of any stay of its ability to execute upon the default judgment. *See Spin Master Ltd.*, 463 F. Supp. 3d at 385; *see also Happy-Shopping2011*, 2020 WL 3578093, at *1.

For the foregoing reasons, the Court DENIES Plaintiff's application for a post-judgment asset freeze and transfer order. The Court will enter a revised version of Plaintiff's proposed judgment by separate order. The Clerk of Court

is directed to terminate all pending motions, adjourn all remaining dates, and close this case.

    SO ORDERED.

Dated:    April 5, 2021
             New York, New York

                                          KATHERINE POLK FAILLA
                                          United States District Judge