Natasha N. Reed (*nreed@foleyhoag.com*)
Peter A. Sullivan (*psullivan@foleyhoag.com*)
Shrutih V. Tewarie *(stewarie@foleyhoag.com)*
FOLEY HOAG LLP
1301 Avenue of the Americas, 25th Floor
New York, NY 10019
Tel:  (646) 927-5500; Fax (646) 927-5599
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NATIONAL FIRE PROTECTION ASSOCIATION, INC.,<br><br>Plaintiff,<br><br>vs.<br><br>SWETS INFORMATION SERVICES PRIVATE LIMITED et al.,<br><br>Defendants. | Civil Action No. 1:18-cv-06029-KPF |

**DEFAULT JUDGMENT AND PERMANENT INJUNCTION ORDER**

This matter comes before the Court upon the request of Plaintiff National Fire Protection Association, Inc. ("NFPA" or "Plaintiff") brought by an Order to Show Cause, for the entry of a final judgment and permanent injunction by default against defendants against Defendants Pawanputra Enterprises Private Limited, d/b/a Prakhya Groups Pawanputra Books ("Pawanputra Books"), Affinity Trade Solutions Private Limited, Prateek Bhageria, Anu Bhageria, Vibha Agarwal, Manish Aggarwal, Vijay Kumar Bhageria, Prem Lata Bhageria, and Prakhya Bhageria, (collectively, the "Pawanputra Defendants"), for the Pawanputra Defendants' engaging in trademark counterfeiting and trademark infringement of NFPA's federally-registered trademarks, false designation of origin, and unfair competition, in violation

of the United States Trademark (Lanham) Act of 1946, as amended (the "Lanham Act"), and copyright infringement of NFPA's registered copyrights, in violation of the Copyright Act of 1976, as amended, 17 U.S.C. §§ 101 et seq. (the "Copyright Act"), and trademark infringement and unfair competition under New York State common law, by acts of manufacturing, copying, importing, marketing, and/or distributing copies of print and electronic copies of publications purporting to be NFPA's authentic publications entitled *NFPA 70: National Electrical Code* (hereinafter, "National Electric Code") (hereinafter, "Plaintiff's Products"), bearing counterfeit copies of the Registered Marks (as defined in the Declaration of Natasha N. Reed executed on February 5, 2021 and filed herewith in support of Plaintiff's application for a default judgment against the Pawanputra Defendants (the "Reed Declaration")), and unauthorized copies of the Copyrighted Work (as defined in the Reed Declaration) (collectively, the "Counterfeit Products"), and offering to sell and/or selling the Counterfeit Products to consumers in the United States primarily through the online marketplace Amazon.com operated by Amazon.com, Inc.;

WHEREAS, the Court entered an order on July 3, 2018 (the "TRO"), restraining the Pawanputra Defendants from, *inter alia*, manufacturing, importing, distributing, advertising, offering for sale, and/or selling the Counterfeit Products or otherwise infringing any trademarks or copyrights owned or controlled by Plaintiff; and ordered the Pawanputra Defendants to appear before the Court to show cause as to why an order granting a preliminary injunction should not be granted (the "Order to Show Cause Hearing");

WHEREAS, the TRO ordered that any money or other assets of the Pawanputra Defendants were enjoined from being transferred, withdrawn or disposed of;

WHEREAS, the Pawanputra Defendants failed to submit any papers opposing entry of the preliminary injunction and none of the Pawanputra Defendants appeared at the Order to Show Cause Hearing;

WHEREAS, having concluded that Plaintiff made the required showing for injunctive relief, the Court issued a preliminary injunction on August 13, 2018, by converting the principal terms of the TRO into a preliminary injunction order (the "PI Order");

WHEREAS, the terms of the asset restraint provisions of the TRO and PI Order were made applicable to Amazon.com, Inc. and other operators of online marketplaces, and any banks, credit card companies, credit processing companies, merchant, acquiring banks, payment processing providers, and/or other financial service providers of the Pawanputra Defendants, and all persons acting in concert or in participation with any of the Pawanputra Defendants who are in possession of the Pawanputra Defendants' money or other assets;

WHEREAS, as detailed in the Reed Declaration, the Pawanputra Defendants made an appearance in this action on December 19, 2018 through their U.S. counsel, by answering the Second Amended Complaint filed in this action;

WHEREAS, as detailed in the Reed Declaration, during the course of discovery in this action, the Pawanputra Defendants failed to produce documents for over a year that were responsive to Plaintiff's Third Set of Requests for Production of Documents, despite proper service of the same by email, as authorized in the Court's July 3, 2018 Order, and despite multiple requests made by Plaintiff's counsel to comply;

WHEREAS, the Pawanputra Defendants have failed to comply for over three months with this Court's discovery orders dated October 7, 2020 and December 1, 2020, directing them to produce documents responsive to the Plaintiff's Third Set of Requests for Production of

Documents and in a manner compliant with the parties' agreed-upon Stipulated Electronic Discovery Protocol (the "Discovery Orders"), despite proper service of the same by email, as authorized in the Court's July 3, 2018 Order, and despite multiple requests by Plaintiff's counsel and the Court to comply;

WHEREAS, the deadlines for complying with these discovery obligations have now expired;

WHEREAS, none of the Pawanputra Defendants have opposed Plaintiff's application for a default judgment, despite proper notice of the same by email on February 5, 2021, as authorized in the Court's July 3, 2018 Order;

WHEREAS, the Court, having thoroughly considered the Reed Declaration, including the accompanying exhibits and the evidence therein, the Memorandum Of Law In Support Of Plaintiff's Order To Show Cause For Entry Of Default Judgment as Sanctions, and upon all other pleadings, papers, and evidence on file in this Action, finds:

1. Plaintiff is entitled to a default judgment against the Pawanputra Defendants as a sanction under Rules 37(b)(2) of the Federal Rules of Civil Procedure due to the Pawanputra Defendants' willful violation of its discovery obligations and this Court's Discovery Orders.

2. The Court has personal jurisdiction over the Pawanputra Defendants because they consented to personal jurisdiction through their general appearance in this action. The Court also has personal jurisdiction over the Pawanputra Defendants because, as detailed in the Reed Declaration and supported by the evidence therein, they have transacted business within the State of New York and have committed acts of counterfeiting, trademark infringement and copyright infringement outside the State, which caused injury to Plaintiff within the State, by virtue of the allegations set forth in the Second Amended Complaint and the evidence submitted establishing

sales by the Pawanputra Defendants of publications, including the Counterfeit Products, to customers in the State of New York through their online storefronts on Amazon.com.

3. Plaintiff has established its trademark counterfeiting claims against the Pawanputra Defendants under the Lanham Act, by virtue of the allegations set forth in the Second Amended Complaint and the evidence submitted and referenced in the Reed Declaration showing that the Registered Marks are valid and entitled to protection under the Lanham Act, and the Pawanputra Defendants willfully imported, marketed, distributed, offered for sale, and/or sold publications bearing counterfeit copies of the Registered Marks without Plaintiff's consent, thereby causing a likelihood of confusion.

4. Plaintiff has established its copyright infringement claims under the Copyright Act, by virtue of the allegations set forth in the Second Amended Complaint and the evidence submitted and referenced in the Reed Declaration showing that the Copyrighted Work is valid and the Pawanputra Defendants, without Plaintiff's consent, willfully marketed, distributed, offered for sale, and/or sold unauthorized print copies of the Copyrighted Work.

5. The Court considered the supporting evidence in the Reed Declaration in reaching its conclusion that the Pawanputra Defendants are liable to Plaintiff for trademark counterfeiting and copyright infringement, including the following:

    a. Evidence submitted by Plaintiff and detailed in the Reed Declaration confirming that the Pawanpura Defendants sold Counterfeit Products by virtue of a test purchase of the publication titled "National Electric Code 2017, (NFPA) National Fire Protection Association on February 1, 2018, purchased through the Pawanputra Defendants' Amazon.com storefront PAWANPUTRA BOOKS, Amazon Seller ID A22ITAE3M30508, in which Plaintiff

confirmed that said publication was an unauthorized copy of the Copyrighted Work and contained counterfeit copies of the Registered Marks;

        b.       Evidence submitted by Plaintiff and detailed in the Reed Declaration showing that the Pawanputra Defendants were notified that they were distributing Counterfeit Products, by virtue of Plaintiff filing multiple report of infringement complaints with Amazon.com, Inc. in July, August, October, November, and December of 2017 and July 2018 to take down the online storefronts operated by the Pawanputra Defendants Amazon.com that were selling the Counterfeit Products, and evidence showing the Pawanputra Defendants continued to engage in their unlawful activity despite said notice;

        c.       Evidence submitted by Plaintiff and detailed in the Reed Declaration showing the Pawanputra Defendants knew or had reason to know they were sourcing and selling counterfeit publications on Amazon.com by virtue of the numerous comments they received from customers who posted feedback on the Pawanputra Defendants' storefront profile pages on Amazon.com, complaining that the Pawanputra Defendants were selling customers counterfeit publications;

        d.       Evidence submitted by Plaintiff and detailed in the Reed Declaration showing that the Pawanputra Defendants obtained the Counterfeit Products at prices significantly lower than the normal retail price for Plaintiff's Product; and

        e.       Evidence submitted by Plaintiff and detailed in the Reed Declaration showing the Pawanputra Defendants used deceptive business practices to ensure that their counterfeiting sales would go uninterrupted, by setting up multiple new Amazon.com storefronts immediately after Amazon.com, Inc. shut down its storefronts for trademark violations, including using different bank accounts under different names for its various Amazon.com

storefronts, so that Amazon.com, Inc. might not realize each new storefront was essentially being operated by the same individuals whose other storefronts had just been taken down for trademark violations.

WHEREAS, in consideration of the foregoing;

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED as follows (hereinafter, the "Default Judgment Order"):

### A. Pawanputra Defendants' Liability

IT IS HEREBY ORDERED that Plaintiff's application for default judgment is granted in favor of Plaintiff on all claims asserted against the Pawanputra Defendants in the Second Amended Complaint.

### B. Monetary Damages

IT IS FURTHER ORDERED that because it would serve both the compensatory and punitive purposes of the Lanham Act to prohibit willful infringement, and because Plaintiff has sufficiently set forth a basis in its application for an award of maximum statutory damages, the Court finds that Plaintiff is entitled to an award totaling Twelve Million U.S. Dollars ($12,000,000) in damages (the "Damages Award"), representing $2,000,000 per counterfeit mark pursuant to 15 U.S.C. § 1117(c)(2), against the Pawanputra Defendants, who are jointly and severally liable to Plaintiff for said amount, due to their willful manufacturing, importing, marketing, distributing, offering for sale, and/or selling unauthorized print copies of publications purporting to be National Electrical Code, bearing counterfeit copies of six (6) of the Registered Marks, as identified in the Reed Declaration.

### C. Permanent Injunction

IT IS FURTHER ORDERED THAT:

1.      The Pawanputra Defendants, together with their officers, directors, employees, agents, affiliates, successors, assigns, licensees, servants, representatives, and entities owned or controlled by the Pawanputra Defendants, and all those in privity or acting in concert or participation with them, and each of them who receives notice directly or otherwise of such injunction, including without limitations, all banks, financial institutions, credit card companies, and payment processing agencies, such as PayPal, Inc. and Payoneer Inc., and other companies, agencies, or persons that engage in the processing or transfer of money, securities, or other property of the Pawanputra Defendants (the "Pawanputra Defendants' Assets"), whether said assets are located in the U.S. or abroad, and Amazon.com, Inc. and any operators of other online marketplace platforms receiving and/or holding the Pawanputra Defendants' Assets for the Pawanputra Defendants, are permanently enjoined and prohibited from:

a.      Manufacturing, copying, importing, exporting, distributing, displaying, delivering, shipping, advertising, marketing, promoting, offering for sale, selling, and/or otherwise dealing in the Counterfeit Products, or any product that infringes the Registered Marks and Copyrighted Works, or any other trademarks or copyrights owned or exclusively controlled by Plaintiff;

b.      Using any trademark owned by Plaintiff, or any confusingly similar variations thereof, in a manner that is likely to cause confusion or mistake in the mind of the trade or public or deceive the trade or public into believing that the Pawanputra Defendants' products or activities are in any way sponsored, licensed or authorized by or affiliated or connected with Plaintiff;

c.      Otherwise infringing upon the Registered Marks or Copyrighted Works;

      d.      Copying, reproducing, making derivative works of, distributing unauthorized copies of, or displaying any copyrighted materials owned or exclusively controlled by Plaintiff including the Copyrighted Works, or any substantially similar works;

      e.      Directly or indirectly infringing in any manner any of Plaintiff's trademarks, copyrights, or other rights (whether now in existence or hereafter created) including, without limitation the Registered Marks and Copyrighted Works;

      f.      Moving, returning, destroying, secreting, or otherwise disposing of any Counterfeit Products or any products that otherwise bear, contain, display, or utilize any of the Registered Marks or Copyrighted Works, any derivation or colorable imitation thereof, or any mark confusingly similar thereto or likely to dilute or detract from the Registered Marks;

      g.      Removing, destroying, altering, secreting, or otherwise disposing of any computer files, electronic files or data, business records, or documents containing any information relating to any of the Counterfeit Products, the Pawanputra Defendants' Assets or operations, or to the importing, manufacturing, copying, marketing, advertising, promoting, acquisition, purchase, distribution, offering for sale, or sale of Counterfeit Products or any products that otherwise bear contain, display, or utilize any of the Registered Marks or contain the Copyrighted Works, any derivation or colorable imitation thereof, or any mark confusingly similar thereto or likely to dilute or detract from the Registered Marks;

      h.      Concealing, transferring, disposing of, withdrawing, paying, or encumbering the Pawanputra Defendants' Assets from accounts associated with or utilized by any Pawanputra Defendants and any storefronts operated by the Pawanputra Defendants (the "Pawanputra Defendants' Financial Accounts"), regardless of whether the Pawanputra Defendants' Assets or the Pawanputra Defendants' Financial Accounts are located in the United

States or abroad, until further ordered by this Court, except that the Pawanputra Defendants may wire any funds on deposit to Plaintiff's client trust account;

   i. Effecting assignments or transfers, forming new entities or associations, or creating and/or utilizing any other platform, storefront, identities, aliases, or any other means of manufacturing, copying, importation, exportation, advertising, marketing, promotion, distribution, display, delivering, shipping, offering for sale, and/or sale of Counterfeit Products for the purposes of circumventing or otherwise avoiding the prohibitions set forth in this Default Judgment Order; and

   j. Enabling, facilitating, permitting, assisting, soliciting, encouraging, inducing, instructing, allowing, providing means for, aiding, or abetting any other person or entity in engaging in or performing any of the activities referred to in subparagraphs (a) through (i) above.

  2. The Pawanputra Defendants shall deliver up for destruction all Counterfeit Products, or any other materials in their possession, custody or control, or the possession, custody or control of any of their agents, distributors, retailers, and representatives, including Amazon.com, Inc. and any other operators of online marketplaces, embodying or displaying the Copyrighted Works or Registered Marks, including without limitation all unsold inventory of the Counterfeit Products, and all pictures, promotional materials, and any and all packaging, labels, tags, advertising and promotional materials, online materials, and any other materials, pursuant to 15 U.S.C. § 1118 and 17 U.S.C. § 503, whether said materials are located in the U.S. or abroad.

E. **Miscellaneous Relief**

1. Pawanputra Defendants may upon two (2) business days written notice to the Court and Plaintiff's counsel, upon proper showing, appear and move for dissolution or modification of the provisions of this Default Judgment Order concerning the restriction or restraint of Pawanputra Defendants' Frozen Assets, Pawanputra Defendants' Additional Assets and/or Pawanputra Defendants' Additional Financial Accounts;

2. Any failure by the Pawanputra Defendants and all persons acting in concert or in participation them, including those who are in possession of the Pawanputra Defendants' Assets, to comply with the terms of this Default Judgment Order shall be deemed contempt of Court, subjecting Pawanputra Defendants to contempt remedies to be determined by the Court, but including fines and seizure of property; and

3. This Court shall retain jurisdiction over this matter and the parties in order to construe and enforce this Default Judgment Order.

SO ORDERED.

Dated: April 5, 2021
New York, New York

_____
KATHERINE POLK FAILLA
United States District Judge

```
The Court dissolves the automatic stay imposed by Rule 62 of the
Federal Rules of Civil Procedure and allows for immediate
enforcement of the judgment.
```